# Ex parte SIMMONS.

No. A-11692. Jan. 21, 1953.

(252 P. 2d 935.)

Charles B. Simmons, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original petition in habeas corpus brought by Charles B. Simmons, petitioner, wherein he alleges that he is being unlawfully restrained of his liberty by Honorable Jerome J. Waters, warden of the State Penitentiary. The cause of said restraint he alleges is two certain judgments rendered against him in the district court of Grady county, Oklahoma, said causes being State of Oklahoma v. Simmons, No. 3672, and State of Oklahoma v. Winchester and Simmons, No. 3682.

From the record it appears petitioner was charged by information that on or about the 1st day of February, 1951, he did commit the crime of robbery with a dangerous weapon in the manner and form as follows, to-wit, make an assault in and upon one Leonard B. Holman with a certain dangerous weapon, towit, an Iron Bolt, then and there and thereby putting the said Leonard B. Holman in fear of an immediate injury to his life and person, by striking the said Leonard B. Holman about the head and body with said dangerous weapon heretofore described, and did and then and there by the use of said force and putting the said Leonard B. Holman in fear of his life, unlawfully, willfully, wrongfully and feloniously, and against the will of him, the said Leonard B. Holman, take, steal and carry away from the possession and person of the said Leonard B. Holman, certain personal property, towit, approximately $17.00, in good and lawful money of the United States of America. Thereafter it appears that with the aid of counsel Honorable William L. Brodersen, he entered a plea of guilty to said charge, and was sentenced by L. A. Wood, district judge, to serve a term of 40 years in the State penitentiary.

In State v. Winchester and Simmons, No. 3682, the petitioner was charged by information jointly wtih the said Winchester. It was charged that they did commit on or about the 12th day of June, 1951, the crime of robbery with a dangerous weapon by making an assault in and upon one J. W. Foster with a

knife, by putting said Foster in fear of immediate injury to his life and person by stabbing the said J. W. Foster about the body with said dangerous weapon and by means of the use of force and putting the said Foster in fear of his life, did unlawfully, etc., against the will of him take, steal and give away from his possession and person the sum of approximately $20.00. Thereafter the said petitioner entered his plea of guilty to said charge by and through the aid of counsel Honorable William L. Brodersen, and upon said plea of guilty judgment and sentence was entered against the said petitioner sentencing him to a term of 40 years in the penitentiary, to run concurrently with the judgment and sentence in case No. 3672.

Under the provisions of Title 21, § 791, O.S.A. 1941, robbery is defined in the following language, towit:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

Under the provisions of Title 21, § 797, O.S.A. 1941, the degrees of robbery are defined as follows, towit:

"Robbery, when accomplished by the use of force, or of putting the person robbed in fear of some immediate injury to his person, is robbery in the first degree. When accomplished in any other manner, it is robbery in the second degree."

Under the provisions of § 798, Title 21, O.S.A. 1941, punishment for first degree robbery is provided as follows, towit:

"Every person guilty of robbery in the first degree is punishable by imprisonment in the State penitentiary not less than ten years."

The foregoing allegations contained in the said informations are entirely sufficient to state a cause of action under the provisions of the foregoing statutes. Similar informations have been held sufficient to sustain the judgment and sentence. In Randall v. State, 33 Okla. Cr. 262, 243 P. 983, the dangerous instrument was described as a piece of steel approximately 10 inches long weighing approximately one pound by means of which the victim Joe Pack was placed in such fear as to overcome all resistance in effecting the robbery therein involved. In Green v. State, 60 Okla. Cr. 253, 63 P. 2d 767, the robbery was effected by two negro boys by putting the victim in fear and by force robbing him, one of said boys holding him while the other took his billfold from his pocket. In Smith v. State, 69 Okla. Cr. 17, 99 P. 2d 527, the robbery was effected by use of a piece of iron pipe. In Coats v. State, 56 Okla. Cr. 26, 32 P. 2d 955, the robbery was effected by means of a piece of lumber about four feet long, four inches wide and one-half inch thick by which the victim was struck and the robbery effected. Therein, the court said that the information was sufficient against a demurrer. It thus appears that the trial court which imposed the judgments and sentences in the hereinbefore described cases against the petitioner, had jurisdiction of the defendant's person, jurisdiction of the subject matter, and jurisdiction under the provisions of the statutes with authority to pronounce the judgments and sentences rendered therein.

It has been repeatedly held by this court:

"Jurisdiction is well placed where trial court has jurisdiction of person, of subject matter, and authority under law to pronounce judgment and sentence rendered.

"Only on grounds of lack of jurisdiction or loss of jurisdiction can habeas corpus be granted, and where there are essentials of jurisdiction, relief by habeas corpus will be denied." Ex parte Pruitt, 95 Okla. Cr. 248, 244 P. 2d 594, 595.

It appears from the minutes of the trial court contained in the record the defendant was represented by counsel Mr. William L. Brodersen, and being so represented, entered his plea of guilty. From an examination of the record it nowhere appears that the court lost jurisdiction to pronounce the judgments and sentences rendered in the cases herein complained of. The writ of habeas corpus is limited to cases wherein the judgment and sentence are clearly void. Furthermore, where the judgment and sentence in a criminal case is not void on its face habeas corpus will be denied. Ex parte Hackett, 93 Okla. Cr. 82, 225 P. 2d 184, 186. We are not confronted with a situation herein where the judgments and sentences are void.

Nevertheless, the record herein does disclose a disparity in the judgment and sentence pronounced against the defendant C. B. Simmons and his co-defendant Fred Winchester. It appears that Winchester received a 10-year sentence in cause No. 3682 while the petitioner, C. B. Simmons, received a sentence of 40 years. Moreover the circumstances as alleged in cause No. 3672 do not appear to be so aggravated as to warrant the pronouncement of a judgment and sentence of 40 years. This however is a situation which could only have been reached on appeal by modification of the judgment and sentence, Title 22, § 1066, O.S.A. 1941. In habeas corpus proceedings the " 'Writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal.' " Ex parte Hackett, supra, and numerous cases cited therein on this point. For all the above and foregoing reasons, the writ of habeas corpus is accordingly denied.

However, by virtue of the disparity of the sentence pronounced against Fred Winchester of 10 years and that pronounced against C. B. Simmons of 40 years, and because the case of State v. Simmons in No. 3672, apparently not warranting a sentence of 40 years, we therefore are constrained to suggest to the Pardon and Parole Board that they thoroughly investigate the situation presented in these cases and if the facts warrant waive any impediments to immediate consideration and extend or deny executive clemency to this petitioner in such manner and form as may be in keeping with the ends of justice.

POWELL, P. J., and JONES, J., concur.