Edmund Robbins JACKSON, Plaintiff in
Error,

v.

The STATE of Oklahoma, Defendant in
Error.

No. A–13715.

Court of Criminal Appeals of Oklahoma.
Sept. 8, 1965.

Edmund Robbins Jackson, plaintiff in
error, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by transcript, by the plaintiff in error (hereinafter referred to as defendant) without the assistance of counsel.

Defendant files, along with the transcript, what he designates as an "appeal", and which we have treated as a petition in error. This court, thoroughly conscious of the handicap borne by inmates of the penitentiary who are not versed in legal proceedings, gives every consideration to the pleadings drawn by such inmates.

The transcript before us shows that after preliminary hearing had in the court of common pleas of Tulsa County, information was filed in the district court, charging this defendant with petit larceny, after former conviction of felony. Specifically, defendant was charged with stealing four cartons of cigarettes, of the value of $12.80, from the Row-Lee Red Bud Food Center.

Copy of the appearance docket attached to the transcript shows that defendant was represented by a public defender throughout the proceedings.

The information was filed July 16, 1964, was unchallenged by demurrer, and defendant was arraigned on July 22 and entered a plea of not guilty. The case was set on the September docket, and defendant allowed to remain at liberty on his surety bond. The case was called for jury trial on September 8, 1964, jury was waived, and the case set for disposition on September 30, 1964. On that date the defendant was present in person and by his attorney, withdrew his plea of not guilty and entered a plea of guilty. Sentencing was passed to November 30, 1964, at which time it was passed until January 25, 1965, and then passed to April 28, 1965. A bench warrant was issued for the defendant on April 21, 1965, and sentence passed to May 5, 1965, at which time the court sentenced the defendant to serve three years in the state penitentiary on his plea of guilty. Notice of appeal was given, and defendant filed in the district court of Tulsa County a lengthly instrument which he called "motion and formal statement". On the strength of this statement, the court ordered a transcript furnished to defendant, at public expense.

No briefs have been filed, and no further appearance made on behalf of the defendant.

In an appeal by transcript only the record proper is before this court for review, and every presumption must be entertained in favor of the regularity of the proceedings had in support of the judgment of the trial court.

The general rule, often announced by this Court, is that the plaintiff in error must affirmatively show prejudicial error; otherwise, the judgment of the lower court will be affirmed.

Defendant states in his "appeal" that the sentence of three years was assessed as a result of passion and prejudice, and that the same is "morally excessive under the circumstances of plaintiff's plea of guilty."

Defendant further states "that he has reached the age of 67 years; that the State of Oklahoma has exacted 25 flat years, along with blood (20 days), sweat, teeth, hair and tears under the second and subsequent statute."

Title 21 O.S.A. § 51 provides, among other things:

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

The information charges the defendant with two prior convictions of felonies in Tulsa County; one for burglary in the second degree in 1946 for which he was sentenced to fifty years; and the other in 1963 when he was convicted of grand larceny and sentenced to serve one year in the state penitentiary.

In Anson v. State, Okl.Cr., 350 P.2d 982, the court said:

"In an appeal by transcript, the Court of Criminal Appeals may not modify sentence imposed within the statutory provisions for the crime charged, there being no record before the Court by which such modification could be justified."

We have carefully examined the transcript of the record and find no prejudicial or fundamental error therein that would warrant a reversal of this case.

The judgment of the district court of Tulsa County is, therefore, affirmed.

BUSSEY, P. J., and NIX, J., concur.