E. R. JACKSON, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13716.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1966.

See, also, Okl.Cr., 411 P.2d 557.

E. R. Jackson, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original action in habeas corpus wherein the petitioner, E. R. Jackson, seeks to secure his release from confinement in the state penitentiary, where he is presently serving a sentence on conviction for petit larceny, after former conviction of felonies.

On June 16, 1965 the petitioner, E. R. Jackson, under his full name Edmund Zobbins Jackson, filed in this Court an appeal from the judgment and sentence he received in the district court of Tulsa County, Oklahoma, and which he is presently serving in the state penitentiary. Attached thereto was a transcript of the record in his case, which had been furnished to him by the district court of Tulsa County, at public expense.

On the same date, June 16, 1965, petitioner filed herein his petition for writ of habeas corpus. Petitioner did not have an attorney on either the appeal or this proceeding, although he was represented by the public defender in his original trial.

The same grounds are set forth in the petition for habeas corpus as are alleged in the appeal. All of the allegations are either merely conclusions of law, or they present propositions which were thoroughly considered on the appeal, and decided adversely to this petitioner on September 9, 1965. Jackson v. State, Okl.Cr., 405 P.2d 702.

■ It is established law that after a person has appealed his conviction and the judgment of conviction has been affirmed, he may not obtain release in habeas corpus on the grounds raised in the appeal, or any other grounds which might entitle him to a new trial and which were in existence and known to the defendant at the time his appeal was filed; except that he may present any question by habeas corpus which goes to the jurisdiction of the court, and would show that the judgment rendered against him was wholly void. Re: Application of Petty, Okl.Cr., 301 P.2d 708; Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242; In re: Booth, 74 Okla.Cr. 406, 126 P.2d 751.

■ In his petition for writ of habeas corpus, petitioner attempts to question the jurisdiction of the trial court, by alleging that his sentencing was passed beyond the term of court, in which he entered his plea of guilty. The appearance docket bears out the petitioner's contention; however, in the proper administration of justice, we prefer to adhere to the general rule of most jurisdictions, and as stated in Ellerbrake v. United States, 7 Cir., 134 F.2d 683:

"Where defendant was not sentenced at term at which he pleaded guilty, the court had not lost jurisdiction to impose sentence at next succeeding term, since *jurisdiction of trial court is not exhausted until sentence is pronounced.*" (Emphasis ours).

See also: Boykin v. State, 86 Okl.Cr. 175, 190 P.2d 471, and other cases cited.

■ We prefer also to adopt the statement made in the Boykin case, supra, which was taken from State ex rel. Dawson v. Sapp, 87 Kan. 740, 125 P. 78, 42 L.R.A., N.S., 249, as follows:

"Whether a postponement (of pronouncing sentence) is rightful depends not upon its length or definiteness, nor upon whether it extends beyond the term, but upon its purpose and character."

In the instant case, we are of the opinion that postponement, of the passage of sentence upon petitioner, was incident to the proper administration of justice. In such case, the court's jurisdiction to impose sen-

tence is not lost even though the term in which the plea of guilty was entered has passed. It is obvious from the record before this Court that petitioner was well aware of the delay on the part of the trial court in passing sentence, by the same token, petitioner consented to such delay, and failed to make any demand upon the court to pass sentence. Under such circumstances, we choose to apply the rule stated in Zerbst v. Nahas, 10 Cir., 67 F.2d 742, as recited in Boykin v. State, supra:

> "Defendant not requesting sentence on plea of guilty cannot complain of indefinite delay, and court retains jurisdiction until sentence is pronounced."

The writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.