Coleman **BROWNING,** Appellant,

v.

The **OKLAHOMA CITY,** Respondent.

No. A–17244.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1972.

W. Dan Nelson, Oklahoma City, for appellant.

Roy Seminer, Municipal Counselor, David T. Ingram, Asst. Municipal Counselor, Oklahoma City, Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for respondent.

## OPINION

BUSSEY, Presiding Judge:

Appellant was charged, tried by a jury, and convicted for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor on July 3, 1970. Judgment and sentence entered on the 27th day of September 1971 fixed punishment at ninety (90) days in the county jail, forty-five (45) days of which were suspended, and a fine in the amount of Fifty ($50.00) Dollars, from which judgment and sentence a timely appeal has been perfected to this Court.

The lone error urged by appellant is the sentence entered by the trial court is illegal and void in that the court no longer had jurisdiction of the case by reason of having indefinitely suspended the sentence.

The record reflects that during the fourteen month period which elapsed between the time of the jury verdict and the actual imposition of judgment and sentence the matter was continued some twelve times. The length of time and the number of continuances appears to be the basis for appellant's assertion that the trial court lost jurisdiction to impose the sentence. Appellant cites Willard v. State, 67 Okl.Cr. 192, 94 P.2d 13 (1939) for the proposition that the court's jurisdiction to render judgment and sentence is lost because of an indefinite postponement without any order of continuance for some four terms and in that situation the question of the appellant's consent is immaterial. He also cites Grant v. McLeod, Okl.Cr., 325 P.2d 1083 (1958) for the proposition that the trial court lost jurisdiction to impose sentence where two terms of court had elasped since entry of a plea of guilty in that the court had indefinitely suspended imposition of sentence.

We hold that neither of the cited cases apply to the facts in the case at bar and appellant's single assertion of error is wholly without merit.

Initially, we note that a portion of appellant's argument is grounded upon the use and definition of "terms of court". The statutory provisions for terms of court was repealed in 1969 by the Oklahoma Legislature. 20 O.S.1971, § 95. Repealed. Laws 1969, c. 134, § 2. Effective April 9, 1969. Secondly, we note that the respondent in

this case is the Municipal Court of Oklahoma City. The statutes with regard to municipal courts and municipal criminal courts, 11 O.S. §§ 781 et seq.; 958.1 et seq., make neither reference nor provision for "terms of court".

In the *Grant* case the court actually suspended imposition of the judgment and sentence for an indefinite period of time which is not the case at bar. Further the *Grant* case also holds that if the court's purpose in postponing the imposition of sentence is incident to administration of justice within its conceded powers, and its orders postponing sentence are unconditional and to definite periods, jurisdiction of the court to impose sentence at a term after the trial is not affected. The record reflects that in each case the judgment and sentence was passed to a time certain.

Further we are constrained to note that of the twelve continuances granted, six (6) of the continuances were granted *at the request of the appellant.* Of the remaining six (6) continuances, five (5) were on motion and by the order of the court and in one case no appearance was made either by the appellant or his attorney. The appellant cannot now at this late date be heard to complain of continuances, half of which were granted at his own request. Further the record reflects no request by the appellant for an acceleration of the sentencing date.

More recently this Court has held that in the interest of the proper administration of justice the jurisdiction of the trial court is not exhausted until sentence is pronounced and that a temporary delay between the conviction and the imposition of judgment and sentence will not defeat the court's jurisdiction. Jackson v. Page, Okl.Cr., 411 P.2d 555 (1966).

In view of the foregoing the judgment and sentence is

Affirmed.

BRETT, J., concurs.