Randy PAINTER, Petitioner,

v.

The Honorable James MARTIN, Associate District Judge in and for Pittsburg County, State of Oklahoma, Respondent.

No. P–74–795.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1974.

## OPINION AND ORDER REVERSING AND REMANDING

In this original proceeding for Writ of Prohibition the undisputed facts are that petitioner, Randy Painter, hereinafter referred to as defendant, and a co-defendant, Dwayne Kerns, were charged conjointly with two (2) counts of Arson, Second Degree, in Case No. F–72–42, in the District Court, Pittsburg County, Oklahoma, and the case came on for jury trial pursuant to its docketing on June 6, 1974, at which time the State announced ready, as did co-defendant Kerns. Defendant Painter answered, "Comes now defendant Painter and asks for a severance in this case because of a conflict of interest." The court responded, "Severance will be denied and an exception allowed. Call the jury." Whereupon the jury was impaneled and sworn to try the case and the court then declared a recess. The proceedings continued in camera at the beginning of which defendant, Painter, filed a written Motion in Limine seeking to prohibit introduction at the trial of a statement obtained from co-defendant, Kerns, outside the presence of defendant consonant with the rule announced in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Before ruling on the motion the court stated it would reconsider the motion for severance filed by defendant, granted the same and granted a mistrial to defendant and proceeded with the trial of the co-defendant, Kerns. To this ruling the defendant objected and insisted upon being tried at that time. Over defendant's objection the trial court granted a mistrial to defendant.

Defense counsel urges in his sole proposition of error the trial court must be prohibited from trying defendant for the instant offense for the reason to do so would twice place defendant in jeopardy. Counsel urges that since the jury was impaneled and sworn the court erred in granting a mistrial over defendant's objection and demand for trial.

In assessing the merit of defense counsel's contention we first must note the basic principles upon which jeopardy attaches under the instant circumstances. This Court in Sussman v. District Court of Oklahoma County, Okl.Cr., 455 P.2d 724 (1969) generally enunciated the rule and approved this Court's holding in Loyd v. State, 6 Okl.Cr. 76, 116 P. 959 (1911) wherein we held as follows:

"First. The defendant must be put upon trial before a court of competent jurisdiction. Second. The information or indictment against the defendant must be sufficient to sustain a conviction. Third. The jury must have been impaneled and sworn to try the case. Fourth. After having been so impaneled and sworn to try the case the jury must have been unnecessarily discharged. Fifth. That such discharge of the jury must have been without the consent of the defendant. When those things all occur, then the discharge of a jury operates as an acquittal of the defendant."

Defense counsel urges all five requirements have been satisfied and jeopardy did attach at the time the mistrial was declared by the trial court. The State on the other hand contends the discharge was a necessary discharge and not an unnecessary one. Consequently, the fourth requirement set forth above has not been satisfied and defendant was consequently not placed twice in jeopardy. In this regard we reject the State's argument. The trial court was not compelled necessarily to grant a mistrial. The court could have sustained the defendant's motions regarding the suppression of statements which would have resulted in prejudice to a conjointly tried co-defendant. Since these statements were the basis of the trial court's granting a mistrial, we find the granting of the mistrial was not necessary and consequently jeopardy attached upon the trial court's granting the mistrial in the instant case.

It is therefore the order of this Court the judgment and sentence in the instant case be, and hereby is, reversed and remanded with instructions to dismiss.