**Norman Dale KOEHLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–84–648.**

Court of Criminal Appeals of Oklahoma.

July 8, 1986.

Jim Brent Smalling, Chickasha, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Presiding Judge:

The appellant, Norman Dale Koehler, was tried by jury for the crime of Aggravated Assault and Battery in the District Court of Grady County, Oklahoma, Case No. CRM–84–1. The jury returned a verdict of guilty and set punishment at sixty (60) days confinement in the county jail. The trial court sentenced the appellant in accordance with the jury's verdict. From this judgment and sentence, the appellant has perfected his appeal to this Court. We reverse.

Appellant raises three assignments of error on appeal. We need only examine the first assignment of error in order to dispose of this appeal.

The appellant alleges that he was twice placed in jeopardy for the same offense. Appellant was convicted at a second trial which followed a mistrial entered upon the motion of the State, and without the consent of the appellant. A review of the record reveals that the mistrial was declared following prejudicial statements elicited from the appellant that the victim, Mike Booker, was having an extramarital affair. In its oral motion for mistrial, the State alleged that the appellant could not prove that Mike Booker was in fact cheating on his wife; therefore the comments were improper and prejudicial, and the State was denied a fair trial. The trial

court initially overruled the State's motion and admonished the jury to disregard the offensive comments made by the appellant. However, following further argument out of the presence of the jury, the trial court sustained the State's Motion for Mistrial over defense objection.

The court retried the appellant on May 24, 1984, some six days after the first mistrial. Prior to the second trial, the appellant filed a motion in the District Court requesting dismissal on grounds of double jeopardy. *See* Okla. Const. art. II, § 21, and U.S. Const. amend. V.

In order to accomodate "the defendant's interest in proceeding to verdict" and the State's "competing and equally legitimate demand for public justice,"[1] the Supreme Court held early on that retrial after a mistrial would be permitted only in circumstances which would promote the "ends of public justice." *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824). In *Perez,* the Court held that a trial may be discontinued and the defendant reprosecuted for the same offense when there is a "manifest necessity" to abort the first trial:

> [T]he law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated.

*Id.,* 22 U.S. (9 Wheat.) at 579. *Accord Bennett v. Shumate,* 586 P.2d 333 (Okl.Cr. 1978). Under Oklahoma criminal procedure, we have long held than an admonishment to the jury is presumed to "cure" most errors, unless the error was so prejudicial that the error undoubtedly would taint the verdict. *See, e.g., Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.1973). Accordingly, we have held that comments by the prosecution concerning the character of the accused, when met with a contemporaneous objection and an admonishment by the trial court, do not justify a mistrial in favor of the appellant. *See, e.g., Robison v. State,* 677 P.2d 1080, 1086 (Okl.Cr.1984).

This sword, however, cuts both directions. Accordingly, the defense comments herein, as they pertained to the victim's character, were sufficiently cured by the trial court's admonishment, and declaration of a mistrial was not, therefore, a "manifest necessity." Appellant's retrial was barred by the double jeopardy clause of both our state and federal constitutions.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED with instructions to DISMISS.

BRETT and BUSSEY, JJ., concur.

---

1. *Illinois v. Somerville,* 410 U.S. 458, 471, 93 S.Ct. 1066, 1074, 35 L.Ed.2d 425 (1973).