Ronald Jay HOPE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–568.

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1987.

Gloyd McCoy, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Ronald Jay Hope, was charged, tried and convicted in the District Court of Cleveland County, for the following offenses: Murder in the First Degree in Case No. CRF–83–865; Robbery With Firearms, After Former Conviction of a Felony, (AFCF), in Case No. CRF–83–866; Burglary in the Second Degree, AFCF, in Case No. CRF–83–888; and Arson in the Third Degree, AFCF, in Case No. CRF–83–945. The appellant was sentenced to respective terms of life imprisonment, twenty-five (25) years, fifteen (15) years, and twenty (20) years imprisonment, to be run consecutively. We affirm.

The appellant was tried jointly with co-defendant Kendall Wayne Vowell. A statement of facts may be found in the appeal to this Court of Mr. Vowell's conviction, in *Vowell v. State,* 728 P.2d 854 (Okl.Cr.1986).

### I.

In his first assignment of error, the appellant contends that the trial court erred in refusing his motion for severance. We disagree. This issue was disposed of in co-defendant Vowell's appeal to this Court, wherein a majority of the Court held that the appellant's and Mr. Vowell's defenses were not mutually antagonistic nor mandated severance. *But see Vowell v. State,* 728 P.2d 854 (Okl.Cr.1986) (Parks, P.J., Specially Concurring).

The appellant's second, third, sixth, and seventh assignments of error were also disposed of in co-defendant Vowell's appeal to this Court, wherein they were determined to be without merit. Accordingly, we find these assignments of error without merit.

### II.

In the appellant's fourth and fifth assignments of error, he claims that improper comments by the prosecutor deprived him of a fair trial. We disagree. The appellant first asserts that the prosecutor exceeded the proper boundaries of cross-examination when examining the appellant. The improper comments or questions were met with contemporaneous objections by defense counsel, and were properly sustained by the court. This Court has held that such comments by the prosecutor during cross-examination "must be flagrant and of such a nature as to be

prejudicial to the defendant" to mandate a reversal. *Nobles v. State*, 668 P.2d 1139, 1142 (Okl.Cr.1983), quoting *Sands v. State*, 542 P.2d 209, 213 (Okl.Cr.1975). We find that the prosecutor's comments during cross-examination in the case at bar were not so flagrant and prejudicial as to require reversal or modification.

The appellant also challenges the propriety of several remarks made by the prosecutor during closing arguments. The first remark concerned a "nursery rhyme" about the legendary Lizzie Borden murders. The prosecutor thereafter substituted the names of both co-defendants, along with facts of the instant case, into the rhyme. This Court has previously condemned the practice of invoking the names of legendary criminal defendants. *See, e.g., Ward v. State*, 633 P.2d 757 (Okl.Cr. 1981); and *Meggett v. State*, 599 P.2d 1110 (Okl.Cr.1979). We find, in the instant case, that the prosecutor's comments during closing argument were improper, and it was error for the trial court to overrule the appellant's objection. However, in light of the entire record, we find that the comments were not so prejudicial as to mandate a reversal or modification. There was substantial evidence against the appellant and we cannot say the comments influenced the sentence since the appellant received only a life sentence for first degree murder, when the State sought the death penalty. Moreover, the prosecutor's "parable," as he called it, most likely denigrated the office of the prosecutor and inflamed the jury against the prosecutor for satirizing a tragic homicide.

The remaining comments in the prosecutor's closing arguments were not met with a contemporaneous objection. " '[S]ince we are unable to conclude "that [the] combined effect [of the comments] was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings",' we will not reverse." *Glass v. State*, 701 P.2d 765, 770 (Okl.Cr. 1985), quoting *Freeman v. State*, 681 P.2d 84, 85 (Okl.Cr.1984). Accordingly, the ap-

pellant's fourth and fifth assignments of error are also without merit.

## III.

In his eighth assignment of error, the appellant contends that his convictions are not supported by the evidence and are contrary to the law. We disagree. There was competent evidence in the record for which the jury could have determined the appellant's guilt. This Court has stated that:

[I]t is the exclusive province of the jury to weigh the evidence and determine the facts, and where there is competent evidence from which the jury might reasonably conclude that the defendant is guilty, the decision will not be reversed on appeal on a contention that the evidence is not sufficient.

*Dodson v. State*, 674 P.2d 57, 58 (Okl.Cr. 1984).

Additionally, the appellant asserts that the testimony of co-defendant Vowell was not corroborated. Again, we disagree. As this Court stated in *Fields v. State*, 666 P.2d 1301, 1304 (Okl.Cr.1983), "[w]e will not disturb the jury's verdict when there is evidence, albeit circumstantial, to support the verdict." In the instant case, we find there was substantial evidence, both circumstantial and direct, which corroborates co-defendant Vowell's testimony, and, independently, implicated the appellant in the crimes for which he was charged and convicted. Therefore, this assignment of error is without merit.

## IV.

In his ninth assignment of error, the appellant challenges the decorum of the proceedings and asserts that the trial court failed to provide proper surroundings for the trial, which resulted in prejudice against him. We disagree. The appellant first asserts that the presence of the victim's wife, who apparently cried at a few points in the trial, prejudiced the jury against him. We first note that the appellant failed to object at any time during the trial to the presence of the victim's wife as being disruptive to proper trial decorum, or

prejudicial against him. Furthermore, the privilege to remove a spectator from the courtroom is clearly within the sound discretion of the trial judge. *Elrod v. State* 527 P.2d 208 (Okl.Cr.1974). The appellant has failed to demonstrate before this Court an abuse of such discretion. Accordingly, this assignment of error is also without merit.

### V.

In his tenth assignment of error, the appellant contends that his sentences are excessive due to the trial court's failure to order the sentences to run concurrently. We disagree. This Court has previously held that the decision to run sentences either concurrently or consecutively rests within the sound discretion of the trial court. *Glass v. State, supra* at 770. We cannot say the trial court abused its discretion in ordering the sentences to be run consecutively in light of the facts surrounding the instant case. Therefore, this assignment of error is meritless.

### VI.

In his last assignment of error, the appellant asserts that the cumulative effect of the errors occurring at trial mandate that the case be remanded for a new trial. We disagree. We have only found merit to the appellant's fourth assignment of error, and determined that the error was not so prejudicial so as to influence the verdict or to mandate a reversal or modification. Finding no other merit to the appellant's contentions, this assignment of error is also without merit.

For the above and foregoing reasons, the judgment and sentence of the trial court should be, and hereby is, AFFIRMED.

**C.J.W., Appellant,**