Kevin Lee **HIGHSAW**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–84–124.

Court of Criminal Appeals of Oklahoma.

June 28, 1988.

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Kevin Lee Highsaw, was convicted in the District Court of Tulsa County, Case No. CRF-83-629, of First Degree Rape and Sodomy and was sentenced to ten years' and five years' imprisonment, respectively, with the sentences to run consecutively.

Mr. Highsaw had turned seventeen years old just ten days before the victim was raped on February 1, 1983. The first assignment of error the appellant advances is that persons under the age of eighteen years could not be charged with first degree rape at the time this offense was committed. This argument is based on the 1971 version of the rape statute and the cases construing that statute. 21 O.S.1971, § 1114; *King v. State*, 518 P.2d 889 (Okl. Cr.1974). The rape statutes were revised, however, in 1981, and now plainly permit prosecution of persons under the age of eighteen years who use force. 1981 Okla. Sess. Laws, ch. 325, § 5, codified at 21 O.S.1981, § 1114(A)(3). This assignment must fail.

The legislature's clear intent in changing the definition of "child" in 1982 was to give persons 16 and 17 years of age adult status if they are charged with Rape in the First Degree, unless they can convince the court that they should be certified as juveniles, since it affirmatively changed the definition of "child" with full knowledge of the proceedings used for children and adults alike. *See* 10 O.S.Supp.1982, § 1101(A). This intent was further underscored when the legislature passed some clarifying legislation in 1986 to make it even more clear that persons under the age of 18 could be charged with Rape in the First Degree, *see* 21 O.S.Supp.1986, § 1114, and that 10 O.S. 1981, § 1104.2 should properly be viewed as an extension of the definition contained in 10 O.S.Supp.1982, § 1101(A). In *Stokes v. State*, 738 P.2d 1364 (Okl.Cr.1987), this Court refused to disturb the trial court's discretion in refusing to remand her to the juvenile court insofar as the crime she committed was committed in an aggressive, violent, premeditated and willful manner against a person. In the instant case, we decline to reverse the trial court's decision. Rape in the First Degree is a violent, wilful act committed against the victim's will. In addition, appellant was also charged with the offense of forcible sodomy, an index crime which precludes juvenile status, unless the court finds legal reasons for releasing jurisdiction to the Juvenile Court. We therefore deny the first assignment of error.

◼ Appellant alleges in the next assignment of error that the trial court abused its discretion in refusing to certify the appellant as a child. By operation of law an accused who comes within the reverse certification statute is treated as an adult. The accused bears the burden of proving he should be treated as a child. As this Court noted in *Harris v. State*, 625 P.2d 1269 (Okl.Cr.1981), whether or not such proof is sufficient lies within the discretion of the magistrate. *See also Kamp v. State*, 633 P.2d 760 (Okl.Cr.1981). On appeal, the magistrate's ruling will not be disturbed absent an abuse of that discretion.

In deciding whether to grant or deny a motion to certify an accused as a child, the court must consider certain factors, namely:

1. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

2. Whether the offense was against persons or property, greater weight being given for retaining the accused person within the adult criminal system for offenses against persons, especially if personal injury resulted;

3. The record and past history of the accused person, including previous contacts with law enforcement agencies and juvenile or criminal courts, prior periods of probation and commitments to juvenile institutions; and

4. The prospects for adequate protection of the public if the accused person is processed through the juvenile system.

10 O.S.1981, § 1104.2(C).

◼ Although the appellant had had no previous contacts with law enforcement agencies or the courts, the court obviously did not believe that that factor was sufficient to overcome the seriousness of the crime. The factors set forth above are, according to the statute, listed in order of importance. The crime was committed in an aggressive, violent, premeditated or willful manner. The appellant knocked on his victim's front door, ascertained that she was alone, carefully locked the door behind him, pulled out a knife, then began his assault. The offense was against a person rather than property. Considering the facts, we do not find an abuse of discretion in the court's denial of appellant's motion to certify him as a child.

◼ In his third assignment of error the appellant contends that the trial court erred in refusing to suppress State's Exhibit No. 2, a second composite drawing, drawn from the victim's description of her assailant. We are unpersuaded by this argument for several reasons. First, we are not convinced that appellant's general discovery motion covered the item. The appellant requested disclosure of, among other things, "photographs or any other scien-

tific material relating to this case which may be exculpatory in nature, or favorable to the defendant." Secondly, at the time that the district attorney complied with the request, he himself was apparently unaware that a second composite drawing had been made. The existence of the drawing did not come to light until it was mentioned in testimony of the first trial, which ended in a mistrial. During the month or so between the first and second trial, the appellant made no attempt to obtain the drawing. We do not see how counsel was surprised, as he now claims, since he was present at the time the existence of the drawing became known. Finally, the appellant has not shown how he was prejudiced. *See Wing v. State*, 490 P.2d 1376 (Okl.Cr.1971), *cert. denied*, 406 U.S. 919, 92 S.Ct. 1772, 32 L.Ed.2d 119 (1972).

■ In a subproposition, the appellant additionally argues that the drawing was inadmissible as hearsay. The appellant did not object upon this ground at trial; therefore, he cannot now urge reversal upon it. *See* 12 O.S.1981, § 2104(A)(1).

Appellant's fourth contention is that the trial court erred in refusing to suppress the victim's identification of the appellant. The victim described her assailant as a black male with a milk chocolate complexion, approximately twenty-five years old, no taller than she (5'10½"), no heavier than she (150 pounds), slender, with dark, well-groomed, curly hair, and a thin mustache that did not completely cover the skin between his nose and upper lip.

Approximately two weeks after the assault, the victim was driving home when she saw the driver in a nearby car who looked like her assailant. She turned her car around and pulled into the gas station where his car had stopped. She closely observed the driver and identified him as her assailant. She then went to a telephone and called the police with a description of the car and the license tag number. By the time the police arrived the man was gone.

As the victim drove on home, she spotted the same car parked in a driveway in her neighborhood. She again called the police.

When the police arrived, they asked the appellant, who matched the description given by the victim, to come out of the house, and they asked the victim whether she could identify him from her front yard. A bush was obstructing her view, so the officer asked the appellant for an identification card bearing his photograph. When the victim was shown the card, she immediately and positively identified the man pictured as her assailant.

About one month later, the victim picked the appellant out of a lineup, and she identified him again at trial.

■ The practice of showing a witness a single photograph of one person and asking whether that person is the assailant is to be eschewed because of the very substantial likelihood of irreparable misidentification. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). When the police do engage in this practice, the test for whether the identification will be admissible at trial is whether, under the totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive. *Id.* at 199, 93 S.Ct. at 382. Factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation. *Id.*

■ Applying these factors to the case at bar, we find that the identification was properly admitted. The victim's opportunity to view her assailant at the time of the crime was excellent. The porch light and the lamps in the living room illuminated the area well. Initially the victim and her assailant stood face to face about three feet apart, then he moved to less than one foot away when he pulled out a knife. When they moved to the bedroom, the victim asked the assailant to turn the light on so that she could have further opportunity to see him. He at first turned the light on,

but then turned it off. Enough light still shone from the hallway for her to see his features. She had another good opportunity to view him when they went into the bathroom and he turned the light on.

The witness' degree of attention was also excellent. She was not a casual observer but the victim of an atrocious crime. She had the presence of mind to study her assailant so that she could later describe him. Her prior description was basically accurate. Although the appellant is much younger than she thought, even at close observance at trial she thought he looked to be in his early twenties. The appellant is slender, about 120 pounds, about the same height as the victim, and has the meager mustache she described as well as the light skin. At trial the appellant's hair appeared to be lighter than she had described, but a detective testified that at the time of arrest appellant's hair was darker.

The witness was at all times positive in her identification, and only two weeks had passed between the crime and the confrontation. We cannot say, in view of these circumstances, that there is a substantial likelihood of irreparable misidentification. The trial court did not err. *See also Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

■ The next assignment of error is that the trial court erred in refusing to suppress appellant's custodial statements because appellant's parents were not permitted to be present during the questioning. Appellant relies on the provision of 10 O.S.Supp. 1982, § 1109(A), which provides the following:

> No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer ... is done in the presence of the parents ... of the child.

However, the appellant was not a "child" as defined by 10 O.S.Supp.1982, § 1101:

> When used in this title, unless the context otherwise requires:

> A. "Child" means any person under the age of eighteen (18) years except any person sixteen (16) or seventeen (17) years of age who is charged with ... rape in the first degree ... or nonconsensual sodomy.

The appellant was seventeen years old, and had been arrested and booked for first degree rape and nonconsensual sodomy. Thus he was considered as and treated as an "adult" not a "child" and was therefore not entitled to the special protections afforded a "child" under Section 1109(A). The trial court did not err in that all of appellant's "adult" rights were met when he was arrested and detained in accordance with 10 O.S.1981, § 1104.2(A).

Finally, the appellant asks this Court to reverse his conviction or modify his sentence because of cumulative errors. As this Court finds no errors, there are none to accumulate.

The convictions for Rape in the First Degree and Sodomy are AFFIRMED.

BUSSEY and PARKS, JJ., concur.