Mark Anthony HAWKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–86–879.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1988.

p.m. and midnight, Mr. Ingram rang Elizabeth Guinn's doorbell and said, "Call the police. I've been shot." Approximately ten minutes later, the police and an ambulance arrived. Officer Mike Jones of the Oklahoma City Police Department found the decedent lying on the front porch with a gunshot wound to his chest. The decedent said "Mark Anthony" had shot him, and gave a description of the perpetrator as being about 5'10" tall and weighing 145 pounds. Dr. Chai Choi, a forensic pathologist, testified Larry Ingram suffered a gunshot wound to the lower left chest, and that he died as the result of a gunshot wound to the abdomen.

Appellant testified he went to the victim's apartment between 9:00 and 10:00 p.m. on July 8, 1984, and that they went to the Old Timer's Club at 36th and Lincoln. He said he left the Club shortly after he arrived, and that he never saw Larry Ingram again. Appellant went to California several days after the shooting. He said he was 5'10" tall and weighed 155 pounds.

### I.

Appellant first claims the trial court erred in admitting the hearsay statement of the decedent identifying "Mark Anthony" as the perpetrator. Ms. Guinn testified that her door bell "was ringing frantically" and "constantly." She asked "Who is it?" and the victim replied, "Call the police. I've been shot." Ms. Guinn immediately contacted the police. Officer Mike Jones testified that when he arrived at the Guinn residence, within ten minutes after Ms. Guinn's call to police, the victim was lying on his back on the porch with a gunshot wound to the chest. When Officer Jones asked, "Who shot you?" the victim replied "Mark Anthony."

■ A hearsay statement is admissible under the excited utterance exception to the hearsay rule if it meets three foundational requirements: (1) a startling event or condition; (2) a statement relating to the startling event or condition; and (3) the statement is made while the declarant is under the stress of excitement caused by

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

PARKS, Judge:

Mark Anthony Hawkins, appellant, was tried by jury and convicted of First Degree Malice Aforethought Murder (21 O.S. 1981, § 701.7(A), in Oklahoma County District Court, Case No. CRF–84–3290, before the Honorable Raymond Naifeh, District Judge. The jury set punishment at life imprisonment. We affirm.

Around 10:45 p.m. on July 8, 1984, appellant and another man arrived at an apartment on 50th and Lincoln Boulevard in Oklahoma City where the decedent, Larry Ingram, and his girlfriend lived. Appellant asked to see Larry Ingram, and the two left together. Sometime between 11:00

the event or condition. 12 O.S. 1981, § 2803(2). *See* 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 282 (1985). "In regard to the time factor under the third foundational requirement, 'the standard of measurement is the duration of the state of excitement.'" Note, *Criminal Law: The "Excited Utterance" Exception to the Hearsay Rule: An Analysis of Federal and Oklahoma Law in Light of Newbury v. State*, 39 Okla.L.Rev. 84, 84–85 (1986).

Here, the gunshot wound to the victim constituted a startling event. The statement made by the victim related to the shooting, i.e., the startling event. The record supports a finding that the victim was under the stress of excitement caused by the gunshot wound, since the statement was made within ten minutes after the victim was frantically ringing the doorbell for help. We cannot say the trial court abused its discretion in admitting the statement as an excited utterance. *See Rawlings v. State*, 740 P.2d 153, 163 (Okla.Crim. App.1987); *Stouffer v. State*, 738 P.2d 1349, 1357 (Okla.Crim.App.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 763, 98 L.Ed. 2d 779 (1988); *Mills v. State*, 737 P.2d 573, 574–75 (Okla.Crim.App.1987).

### II.

Appellant next asserts that prosecutorial misconduct deprived appellant of a fair trial. First, he argues that the trial court improperly allowed the prosecutor to cross-examine appellant's sister on other crimes. This issue was not properly preserved for appellate review, because defense counsel failed to make a timely objection as required by 12 O.S. 1981, § 2104(A)(1). Further, the belated objection at trial was not based on the admission of other crimes evidence, and thus will not be considered on appeal. *See Fitchen v. State*, 738 P.2d 177, 180 (Okla.Crim.App. 1987). Second, appellant urges that error occurred when the prosecutor asked "[w]ould it change your opinion of your brother if you knew he was a suspect in another killing?" Defense counsel's timely

objection was sustained, and the witness was not allowed to answer the question. No admonishment was requested by defense counsel, and none was given by the trial judge. Under these circumstances, we cannot say this question constituted reversible error. *See Kelsey v. State*, 744 P.2d 190, 192 (Okla.Crim.App.1987). Finally, appellant urges that error occurred when the prosecutor stated during closing argument that "[i]f you don't think we have enough evidence, we haven't proved our case beyond a reasonable doubt he's going to be out today." This comment was not objected to at trial. In the absence of fundamental error, this claim is meritless. *Id.* at 192.

### III.

In his final assignment of error, appellant claims the evidence was insufficient to convict him of first degree murder. Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim. App.1985). A reviewing court must accept all reasonable inferences and credibility choices that tend to support the trier of fact's verdict. *See Washington v. State*, 729 P.2d 509, 510 (Okla.Crim.App.1986). Applying the foregoing principles, we find that the evidence was sufficient.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.