**Rodney L. HARRIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–85–417.

Court of Criminal Appeals of Oklahoma.

July 18, 1989.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen. of Oklahoma, Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Rodney L. Harris, appellant, was convicted by jury of Second Degree Rape (21

O.S.Supp.1983, § 1114) and First Degree Burglary (21 O.S.1981, § 1431), in Pottawatomie County District Court, Case No. CRF–84–107, before the Honorable Gary Brown, District Judge. Punishment was set at thirteen (13) and seven (7) years imprisonment respectively, in accordance with the jury's verdict, to run consecutively. We affirm in part, and reverse in part.

In appellant's first trial, a jury found him guilty of oral and anal sodomy, but failed to reach a verdict on the rape count and the court declared a mistrial. After both sides had rested, but before submitting the case to the jury, the trial judge sustained the State's motion to remand two burglary counts to juvenile court based on the fact appellant had not been certified as an adult on these charges. Appellant was subsequently certified as an adult on the burglary charges, and the State refiled the rape and burglary charges. In the second trial, the jury convicted appellant of second degree rape and first degree burglary, but acquitted him of second degree burglary.

Around midnight on May 1, 1984, P.P. awoke when she heard a sound in her bedroom. Appellant put a knife at her throat. P.P.'s four-year-old son, who slept with P.P., began to scream. Appellant forced P.P. to take the child to her older son's bedroom, and had P.P. close the window through which he had entered. Appellant threatened to kill P.P. and her children. After leaving the boy's bedroom, P.P. fought with her attacker, receiving defensive knife wounds on her hand. Appellant forced P.P. into the living room and demanded money. Upon discovering P.P. only had a small amount of cash, he raped her. Over the next four hours appellant repeatedly raped P.P. and orally and anally sodomized her, before he left.

The police arrived and took P.P. to the Shawnee Medical Center, where she was treated for bruises, abrasions, knife cuts, and carpet burns. The emergency room physician prepared a rape kit and confirmed that vaginal and anal penetration had occurred. P.P. described her attacker to the police. When the investigating officer returned to the police station, another officer recognized appellant based upon the description given by P.P. The police prepared a photographic lineup, which included appellant's high school yearbook photograph. P.P. positively identified appellant. The police obtained a warrant and arrested appellant that afternoon. After receiving *Miranda* warnings and signing a waiver form, appellant admitted entering P.P.'s apartment through the boy's bedroom window with the intent to rob her, but when she did not have any money, he raped her. He admitted performing oral sodomy but denied committing anal sodomy.

Appellant testified he had been dating P.P. for approximately two weeks, had visited her apartment on four occasions and had had sexual relations with her three times. He raised the defense of consent. Appellant claimed he always entered the apartment through the window at P.P.'s request. He denied confessing to the police and called several character witnesses.

## I.

Appellant first asserts he was denied a fair trial because of three instances of prosecutorial misconduct.

Appellant called Mrs. Gayla Wapp as a character witness, who testified she had known appellant for three years, he had a good reputation for truthfulness and honesty, had frequently stayed overnight at her house and was treated as one of the family. In response to the prosecutor's questioning on cross-examination, Mrs. Wapp testified that appellant's two prior felony convictions for sodomy did not change her opinion of his honesty, and that appellant could move in with her, to which the prosecutor replied:

Mr. McLoughlin: You're a brave woman. No further questions, Your Honor.

A. No, sir, I'm an honest woman.

Mr. McLoughlin: That's debatable, ma'am.

The Court: We will have no more of that from either the witness or the prosecutor.

(Tr. 62) Appellant argues the prosecutor improperly badgered and ridiculed Mrs. Wapp. No contemporaneous objection was made and, absent fundamental error, this claim is meritless. *See Hawkins v. State,* 761 P.2d 918, 920 (Okla.Crim.App.1988).

■ Ms. Carolyn Brock, appellant's special education teacher, testified as a character witness and as an expert witness. She opined that appellant was psychologically incapable of committing the crimes charged. On cross-examination, the prosecutor sought to impeach her testimony by using an evaluation of appellant prepared by a clinical psychologist. Appellant objected to introducing the report into evidence. The court permitted the witness to silently read that part of the evaluation which contradicted her testimony and allowed cross-examination based upon this report without revealing its substantive contents to the jury. Appellant argues the trial court's ruling allowed the improper admission of hearsay and was prejudicial to the defense. We disagree.

Cross-examination is permissible into "matters affecting the credibility of the witness." 12 O.S.1981, § 2611(C). "The trial court should allow cross-examination into matters which tend to explain, contradict, or discredit any testimony given by a witness or which tests his accuracy, memory, veracity or credibility." *Campbell v. State,* 636 P.2d 352, 356 (Okla.Crim.App. 1981), *cert. denied,* 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 479 (1983). The prosecutor used the psychological evaluation to cross-examine and contradict Ms. Brock as to the extent of appellant's mental capacity to commit the crime. *Id.* Since the trial court ruled the substantive contents of the psychological evaluation were not to be disclosed to the jury and limited its use to impeachment of the witness, we find no error. *Id.*

■ Appellant also claims the prosecutor badgered Ms. Brock on cross-examina-

tion concerning her qualifications to administer and evaluate psychological and I.Q. tests. This was a proper subject matter for cross-examination, as the witness had placed her qualifications into issue by testifying she had given these tests to appellant and had based her opinion of his mental capacity upon those results. The trial court found it necessary to "admonish the witness to respond to the question and quit arguing with the prosecutor," (Tr. 126), revealing that some of the repetitive questioning resulted from the witness' evasiveness. We find the prosecutor did not badger or take unfair advantage of the witness.

■ Finally, appellant contends prosecutorial misconduct during closing argument deprived him of a fair trial. Failure to object at trial to the comments now complained of has waived all but fundamental error. *Beshears v. State,* 738 P.2d 1375, 1378 (Okla.Crim.App.1987). Since we are unable to conclude that the combined effect of the prosecutor's comments was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings, we find no error requiring reversal. *Hope v. State,* 732 P.2d 905, 907 (Okla. Crim.App.1987).

## II.

■ Appellant next argues error occurred when the prosecutor introduced his confession at trial. He admits that the failure to file a motion to suppress or make an objection at trial to the police officers' testimony results in waiver of all but fundamental error. *Brief of Appellant,* at 23. He argues that because his mother was not permitted to be present while the police questioned him, suppression of the confession should have been automatic under 10 O.S.1981, § 1109. We disagree.

The evidence is uncontroverted that appellant was seventeen at the time of the crime and was arrested for second degree rape, which was one of the offenses enumerated in the reverse certification statute at that time. *See* 10 O.S.1981, § 1104.2(A).

*But see* 10 O.S.Supp.1986, § 1104.2(A) (amending second degree rape to first degree rape). In *A.M.H. v. State,* 766 P.2d 351, 353 (Okla.Crim.App.1988), Judge Brett stated: "The reverse certification mechanism had not yet commenced to operate, because no charge had yet been filed against appellant." (footnote omitted). This language could be construed to require that a juvenile will be considered a "child" entitled to the special protections of Section 1109(a), unless questioning by authorities occurs *after* the juvenile has been charged by Information with a reverse certification offense. *A.M.H.,* 766 P.2d at 355 (Parks, J., Specially Concurring). However, such an interpretation would be contrary to our decision in *Highsaw v. State,* 758 P.2d 336, 340 (Okla.Crim.App.1988). *Highsaw* held that a seventeen year old arrested on two reverse certification offenses was considered as an "adult" and was not entitled to the special protections afforded a "child" under Section 1109(a). *Id.* Thus, with regard to the second degree rape charge, we hold that the police could question appellant as an adult and were not required to comply with Section 1109(a) where appellant was arrested and questioned on a charge enumerated in the reverse certification statute. 10 O.S.1981, § 1104.2(A); *Highsaw,* 758 P.2d at 340. We find it unnecessary to address the propriety of the police questioning appellant without complying with 10 O.S.1981, § 1109 on the first degree burglary charge, which is not one of the enumerated offenses in Section 1104.2(A), in light of our disposition of the burglary conviction in Part IV. Based on the foregoing, we find no fundamental error.

### III.

■ For his third assignment, appellant urges the prosecutor erred by using his two prior sodomy convictions for impeachment purposes during cross-examination of his character witnesses, as these convictions arose from the same crime for which he was presently on trial. He admits he failed to object and has waived all but fundamental error. *Brief of Appellant,* at 25. Appellant called several witnesses and placed his character into issue on direct examination. "Inquiry is allowable on cross-examination into relevant specific instances of conduct." 12 O.S.1981, § 2405(A). "The prosecutor may then cross-examine the witnesses as to specific instances of conduct, including former convictions, within the guidelines of 12 O.S. 1981, § 2609, to determine whether they would affect the witness' opinion of the accused's character." *Phillips v. State,* 756 P.2d 604, 608 (Okla. Crim. App.1988). The evidence was uncontroverted that appellant had two former felony convictions within the past ten years which were punishable by imprisonment in excess of one year. *See* 12 O.S.1981, § 2609(A)(2). Because the jury was sheltered from learning that appellant's sodomy convictions arose from the same incident for which he was on trial, the probative value of the former convictions was not outweighed by its prejudicial effect. We find no fundamental error.

### IV.

Because we find merit in appellant's fifth assignment, as supplemented on February 24, 1989, we find it unnecessary to address his fourth and sixth assignments pertaining to the validity of his conviction for first degree burglary. Appellant claims the State was prohibited from prosecuting him for first degree burglary in his second trial based on federal and state principles of double jeopardy. *See* U.S. Const. amend. V; Okla. Const. Art. II, § 21.

Appellant was charged with first and second degree burglary, in addition to several other charges, at his first trial. After the jury was sworn and the State and appellant had presented their witnesses and rested, the trial judge expressed concern that appellant had never been certified to stand trial as an adult on the burglary charges. The State agreed the trial court did not have proper jurisdiction to have

heard the burglary charges, absent adult certification. The State's motion to remand the two burglary charges to juvenile court for proper certification was sustained. On remand, defense counsel filed a plea of former acquittal and moved to dismiss the two burglary charges on double jeopardy grounds. (Supp.O.R. 4) The plea of former acquittal was overruled, and appellant was ultimately certified to stand trial as an adult on both burglary charges. (Supp.O.R. 4–8) At a second trial, appellant was convicted of first degree burglary.

The trial judge's action in terminating an uncompleted trial on the burglary charges constituted a mistrial. *See* 3 W. LaFave & J. Israel, *Criminal Procedure* § 24.1, at 65 (1984) (mistrial is "a termination of an uncompleted trial because of circumstances making it impossible or impractical to proceed further...."); *Black's Law Dictionary* at 903 (5th ed. 1979) (mistrial is a trial "which has been terminated prior to its normal conclusion").

■ Jeopardy attaches and a mistrial prohibits a retrial where (1) the defendant is tried before a court of competent jurisdiction; (2) the indictment or information is sufficient to sustain a conviction; (3) the jury is empaneled and sworn to try the case; and (4) the jury is unnecessarily discharged (5) without the consent of the defendant. *Ozbun v. State,* 659 P.2d 954, 956 (Okla.Crim.App.1983); *Painter v. Martin,* 531 P.2d 341, 342 (Okla.Crim.App.1974); *Sussman v. District Court of Oklahoma County,* 455 P.2d 724, 727 (Okla.Crim.App. 1969).

■ The State argues that two of the foregoing five conditions were not met. The State first argues the trial court did not have jurisdiction of appellant on the burglary charges absent certification, relying on the statement in *Edwards v. State,* 591 P.2d 313, 319 (Okla.Crim.App.1979), that "[t]he district court could not obtain jurisdiction to try a juvenile as an adult without a certification proceeding." However, the State fails to recognize that *Ed-*

*wards* went on to hold that where an appellant is now beyond the jurisdiction of the juvenile division of the district court, the mere fact that he was a juvenile at the time of the crime and was not certified as an adult does not automatically void his conviction. *Id.* at 321. *Accord Morgan v. State,* 744 P.2d 1280, 1281 (Okla.Crim.App. 1987) (conviction of juvenile as adult without certification voidable, not void). An evidentiary hearing would be necessary to determine the validity of the conviction only where the appellant is able to state "some valid reason to believe that certification would have been denied." *Edwards,* 591 P.2d at 321. Such an appellant would be entitled to have his conviction vacated only where the State fails to prove by a preponderance of the evidence that appellant would have been certified had a certification hearing been held. *Id.* at 322. If we were to accept the State's position, juveniles who were convicted as adults without being certified would automatically be entitled to habeas corpus relief based on the lack of jurisdiction of the district court to pronounce the judgment rendered. *See Jackson v. Page,* 411 P.2d 555, 556 (Okla. Crim.App.1966), *cert. denied,* 385 U.S. 854, 87 S.Ct. 101, 17 L.Ed.2d 82 (1966); *Ex Parte Simmons,* 96 Okla.Crim. 279, 252 P.2d 935, 937 (1953). Under the *Edwards* rationale, such a position is untenable.

■ The State finally argues that appellant consented to the discharge of the jury from considering the burglary charges. Defense counsel stated "... we do not certainly have opposition at all to the removing of the burglary charges from the consideration by the jury because we agree that it would not be proper at this time. *The defendant, however, would reserve a right to raise the issue at the time the juvenile proceedings are commenced to raise the issue of having jeopardy attached in the two burglary cases because of the evidence being considered in this case."* (Tape 33A) (emphasis added) Certainly, it cannot be said that appellant requested the mistrial on the burglary

charges, as the mistrial was granted upon the State's motion to remand the burglary charges to the juvenile division. Nor do we find, on this record, that appellant consented to the mistrial. When taken in context, we believe defense counsel's statement was sufficient to show he did not consent to the mistrial, but that he sought to preserve an objection based on double jeopardy. *See* 12 O.S.1981, § 2104(A).

■ Following a mistrial granted without the request or consent of the defendant, retrial is barred absent a manifest necessity. *See United States v. Dinitz,* 424 U.S. 600, 606–07, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976); *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971); *McClendon v. State,* 761 P.2d 895, 896 (Okla.Crim.App. 1988); *Koehler v. State,* 721 P.2d 426, 427 (Okla.Crim.App.1986). Here, the mistrial was declared after both sides had rested, and immediately prior to submitting the case to the jury for decision. The mistrial on the burglary charges resulted from a lack of diligence and care on the part of the State to pursue the proper certification proceedings to have appellant tried as an adult. *See* 10 O.S.1981, § 1112(a); *A.T. v. State,* 773 P.2d 755 (Okla.Crim.App.1989). Accordingly, the mistrial could "have been averted by diligence and care." *Sussman v. District Court of Oklahoma County,* 455 P.2d 724, 730 (Okla.Crim.App.1969). Furthermore, the failure to certify appellant as an adult on the burglary charges would not have automatically voided any subsequent conviction. *Edwards,* 591 P.2d at 321–22. Therefore, we find the mistrial was not granted due to a "manifest necessity." *See McClendon,* 761 P.2d at 897.

Although not challenged by the State, we also find that the information was sufficient to sustain a conviction and that the jury was impaneled and sworn to try the case. Based on the foregoing, appellant has met the five conditions set forth in *Ozbun,* 659 P.2d at 956. Therefore, we hold that appellant's retrial for the burglary charge was barred by double jeopardy

principles of both the United States and Oklahoma Constitutions.

The judgment and sentence for second degree rape is AFFIRMED. The judgment and sentence for first degree burglary is REVERSED and REMANDED with instructions to DISMISS.

LANE, V.P.J., and LUMPKIN, J., concur.

BRETT, J., specially concurs.

BUSSEY, J., did not participate.

BRETT, Judge, specially concurring.

While I concur in this decision, I believe some distinction must be made between the decisions cited of *Highsaw v. State,* 758 P.2d 336 (Okl.Cr.1988) and *A.M.H. v. State,* 766 P.2d 351 (Okl.Cr.1988). At the outset, 10 O.S.1981, § 1104.2 provides, in part, "Any person sixteen (16) or seventeen years of age who is charged with ... [the crimes enumerated] shall be considered as an adult. Upon the *arrest and detention* shall be considered as an adult." (emphasis added) In *Highsaw,* the appellant had been charged with Rape in the First Degree. However, in *A.M.H.* appellant was not even a suspect in the murder, when the questioning commenced. He was picked up as a runaway child. At the time of the questioning, it was suspected that he knew more about the murder of his grandmother than he was telling. Because of the situation, as it existed, the provisions of 10 O.S.1981, § 1109, came into play. At that point the child was not a suspect, but was only being questioned, when he was entitled to the presence of his parents, guardian or other legal custodian. Consequently, I can distinguish the two cases on their facts.

Nonetheless, in the instant case the appellant had been arrested and detained on a charge of First Degree Rape and First Degree Burglary and clearly fell under the provisions of 10 O.S.Supp.1981, § 1104.2, and 21 O.S.Supp.1986, § 1114. The distinc-

tion lies in the determination as to whether or not the sixteen (16) or seventeen (17) year old has been arrested and detained to answer for a specific offense listed in Section 1104.2. If he has been so arrested, he is to be treated as an adult. In *A.M.H.*, Section 1109 uses the word "charged" which should be construed to mean "arrested and detained" for a specific enumerated offense.

Therefore, I concur.