728 P.2d 515 (1986)
S.R.S., Appellant,
v.
The STATE of Oklahoma, Appellee.
No. J-86-471.
Court of Criminal Appeals of Oklahoma.
November 7, 1986.
Robert A. Ravitz, Kindanne C. Jones, Oklahoma County Public Defenders, for appellant.
Robert H. Macy, Oklahoma County Dist. Atty., Fern L. Smith, Wendell I. Smith, Asst. Dist. Attys., for appellee.

*516 OPINION ON REVERSE CERTIFICATION
BRETT, Judge:
Appellant, S.R.S., a juvenile of the age of sixteen years of age, having been born May 18, 1969, was charged under the "Reverse Certification Statute," 10 O.S. (Supp. 1985), § 1104.2, in the Oklahoma County District Court with three counts of First Degree Murder. A preliminary hearing was held on May 12, 1986, before the Honorable Manville T. Buford, Associate District Judge. On May 12, 1986, Appellant filed his motion to be considered a juvenile and asked that his case be remanded to the Juvenile Division of the District Court. It was agreed between the parties that the preliminary hearing would be conducted at the same hearing on all three charges. The charge lodged in CRF-86-1231 was heard first, and immediately following, the two murder charges lodged in CRF-86-1232 were heard. At the conclusion of the hearings, the Judge declined to remand appellant to the juvenile division. From that order, this appeal has been lodged. We affirm.
Appellant raises three assignments of error in his appeal. The first assignment of error asserts that the trial judge committed error in his statutory interpretation of 10 O.S. (Supp. 1985), § 1104.2, by failing to consider the likelihood of reasonable rehabilitation in the deliberation of appellant's motion to remand his case to the juvenile division of the district court.
The Statute provides the following:
§ 1104.2. Persons 16 or 17 years of age to be considered as adult for committing certain offenses  Warrants  Certification as Child
A. any person sixteen (16) or seventeen (17) years of age who is charged with murder, kidnapping for purposes of extortion, robbery with a dangerous weapon, rape in the second degree, use of firearm or other offensive weapon while committing a felony, arson in the first degree, burglary with explosives, shooting with intent to kill, manslaughter in the first degree, or nonconsensual sodomy, shall be considered as an adult. Upon the arrest and detention, such sixteen- or seventeen-year-old accused shall have all the statutory and constitutional rights and protections of an adult accused of a crime, but shall be detained in a jail cell or ward entirely separate from prisoners who are eighteen (18) years of age or over.
B. Upon the filing of an information against such accused person, a warrant shall be issued which shall set forth the rights of the accused person, and the *517 rights of the parents, guardian or next friend of the accused person to be present at the preliminary hearing, to have an attorney present and to make application for certification of such accused person as a child to the juvenile division of the district court. The warrant shall be personally served together with a certified copy of the information on the accused person and on the parents, guardian or next friend of the accused person.
C. The accused person shall file a motion for certification as a child before the start of the criminal preliminary hearing. Upon the filing of such motion, the complete juvenile record of the accused shall be made available to the district attorney and the accused person.
At the conclusion of the state's case at the criminal preliminary hearing, the accused person may offer evidence to support the motion for certification as a child.
The court shall rule on the certification motion of the accused person before ruling on whether to bind the accused over for trial. When ruling on the certification motion of the accused person, the court shall give consideration to the following guidelines, listed in order of importance:
1. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;
2. Whether the offense was against persons or property, greater weight being given for retaining the accused person within the adult criminal system for offenses against persons, especially if personal injury resulted;
3. The record and past history of the accused person, including previous contacts with law enforcement agencies and juvenile or criminal courts, prior periods of probation and committments to juvenile institutions; and
4. The prospects for adequate protection of the public if the accused person is processed through the juvenile system.
The court, in its decision on the certification motion of the accused person, need not detail responses to each of the above considerations, but shall state that the court has considered each of the guidelines in reaching its decision.
D. Upon completion of the criminal preliminary hearing, if the accused person is certified as a child to the juvenile division of the district court, then all adult court records relative to the accused person and this charge shall be expunged and any mention of the accused person shall be removed from public record.
E. An order certifying the person as a child or denying the request for certification as a child pursuant to subsection D of this section shall be a final order, appealable when entered.
This Court held in Coats v. Rakestraw, 610 P.2d 256 (Okl.Cr. 1980), that the criteria set forth in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), were not applicable in the "Reverse Certification Statute." The provisions contained in the statute now under consideration are specific and have been held to be constitutional. In the instant case, the evidence showed that on September 8, 1985, the appellant willfully committed a homicide when he shot and killed Robert Bower, the clerk in a Circle K convenience store in Oklahoma County. The autopsy also reflected a blow on the head by a blunt instrument. This offense was charged in CRF-86-1231.
The evidence at the preliminary hearing also showed that on March 5, 1986, the appellant shot and killed his mother and step-father, as they lay asleep in bed. Certainly, the first two criteria were clearly met. The offenses were committed in an aggressive, violent, premeditated or wilful manner; and the offenses were committed against persons. It was sufficiently shown that in the summer of 1985, the appellant was arrested for shoplifting in Greeley, Colorado, for the theft of a bolt of black cloth to be used in the fulfillment of his satanic rites. Lastly, after considering the evidence presented, the trial judge concluded *518 that the public would not be properly protected by remanding this case to the juvenile division of the court.
After considering the record before this Court, we find that Judge Buford properly followed the statutes and did not commit error by failing to consider the rehabilitation aspects presented by appellant's witnesses.
Secondly, appellant asserts that the court erred when it held that the comparison of the juvenile system and the adult system of treatment was irrelevant. In this assignment of error, no authority is provided to support it. This Court has held that appellant must provide supporting authority for his assignments of error. Rule 3.5, of the Rules of the Court of Criminal Appeals.
Lastly, appellant asserts that the provisions of the Statute deny appellant due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Appellant acknowledges that this Court held in Coats v. Rakestraw, 610 P.2d 256, that the statute in question is constitutional and meets the requirements of due process of law. However, appellant asserts that the criteria contained in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), must be met. This Court held in Coats, that those criteria are not required by the Statute under consideration.
We are therefore of the opinion that the order of the Oklahoma County District Court declining to remand appellant's case to the Juvenile Division of the Court was proper. WE AFFIRM.
PARKS, P.J., and BUSSEY, J., concur.