**K.C.W., a juvenile, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–87–111.**

Court of Criminal Appeals of Oklahoma.

April 20, 1987.

C. Thomas Kite, Oklahoma City, for appellant.

Robert H. Macy, Oklahoma County Dist. Atty., Fern L. Smith, Asst. Dist. Atty., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, K.C.W., a juvenile of the age of sixteen, was charged as an adult in October of 1986 for the offenses of First Degree Murder, First Degree Burglary, and First Degree Robbery under the so-called "Reverse Certification Statute," 10 O.S.Supp.1985, § 1104.2. On November 3, 1986, appellant filed a motion to be certified as a juvenile. A preliminary hearing was held on November 3, 6, and 24, 1986, before the Honorable Manville T. Buford, Associate District Judge. On December 16, 1986, Judge Buford denied the motion to certify as a juvenile and found probable cause to bind appellant over for trial on all counts. On March 16, 1987, this Court declined to assume jurisdiction to prohibit further proceedings. Appellant was subsequently convicted on all three counts in a jury trial in Oklahoma County District Court, in Case No. CRF–86–5410, before the Honorable Jack R. Parr. The jury recommended punishment respectively of life, and two twenty (20) year sentences. Judgment and sentence was imposed in accordance with the jury's verdict. Appellant has perfected an appeal from the order declining to certify her as a juvenile. We affirm.

■ Appellant raises two assignments of error. The first assignment of error asserts that the trial judge committed reversible error by refusing to consider evidence offered by the appellant with regard to the likelihood of reasonable rehabilitation. This Court rejected a similar argument in *S.R.S. v. State*, 728 P.2d 515, 518 (Okla.Cr. 1986). Appellant attempts to distinguish *S.R.S.* from the instant case by asserting that in this case the trial judge erroneously thought that it was "prohibited" from considering such evidence. We fail to see this as a significant distinction, however, and find that the trial court did not commit reversible error "by failing to consider the rehabilitation aspects presented by appellant's witnesses." *Id.* The record shows that the trial judge properly considered the four factors set forth in 10 O.S.Supp.1985, § 1104.2, and his conclusion denying the motion for certification as a juvenile is supported by the record.

■ A review of the evidence in the record shows that the appellant along with another juvenile, T.C., broke into the home of George Curlee, age 75, and beat him to death with a board. The murder was committed in an aggressive, violent, premeditated or wilful manner. Appellant had three prior contacts with law enforcement agencies involving larceny of merchandise, unauthorized use of a vehicle, D.U.I., and malicious destruction of property. On this record, we cannot say that the trial court erred in concluding that the public would not be properly protected by remanding the case to the juvenile division. Accordingly, this assignment of error is without merit.

■ In her second and final assignment of error, appellant claims that she was denied due process insofar as she alleges that the Oklahoma Department of Human Services has failed to provide maximum security juvenile facilities for females in the same manner as males. Appellant's claim is in the nature of a sex discrimination argument. This Court has previously held that 10 O.S.Supp.1985, § 1104.2 is constitutional and meets the requirements of due process of law. *See S.R.S. v. State*, 728 P.2d 515, 518 (Okl.Cr.1986). Initially, we note that the appellant has failed to support this assignment of error with any authority and so the issue is not properly before this Court. *Id.* Insofar as statutes are presumptively constitutional, the appellant has wholly failed to bear the burden of proving otherwise. *See Nunley v. State*, 660 P.2d 1052, 1056 (Okl.Cr.1983), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 179 (1983). This assignment is likewise without merit.

Accordingly, for all of the foregoing reasons, we find that the order of the Oklahoma County District Court declining to certify the appellant as a juvenile should be, and hereby is, AFFIRMED.

BRETT and BUSSEY, JJ., concur.