v.

**The STATE of Oklahoma, Appellee.**

**No. J–88–79.**

Court of Criminal Appeals of Oklahoma.

July 15, 1988.

Scott Braden, Asst. Appellate Public Defender, Norman, for appellant.

Dynda Post, Vinita, for appellee.

## OPINION

PARKS, Judge:

Appellant, H.W., a juvenile of the age of sixteen, was charged with three counts of First Degree Malice Aforethought Murder (21 O.S.1981, § 701.7(A)), in Craig County District Court, Case No. CRF–87–81, pursuant to the Reverse Certification Statute, 10 O.S.Supp.1986, § 1104.2. Preliminary hearing was held before the Honorable Jess B. Clanton, Associate District Judge, on October 19–22, and continued on November 23, and December 7, 1987, at which time appellant presented evidence in support of her motion to be certified as a child under 10 O.S.Supp.1986, § 1104.2(C). At the December 7, 1987, hearing, Judge Clanton denied appellant's motion to be certified as a child, and bound her over for trial. Appellant filed this appeal under 10 O.S. Supp.1986, § 1104.2(E). We affirm.

■ Appellant first contends that statements made by her to Texas authorities were inadmissible because the questioning was not conducted in the presence of appellant's parents, guardian, attorney or legal custodian pursuant to 10 O.S.Supp.1986, § 1109(A). Section 1109(A) provides in pertinent part that "[n]o information gained by questioning a *child* nor any evidence subsequently obtained as a result of such information shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer or investigative agency, or employee of the court, or the Department is done in the presence of the parents,

guardian, attorney, or legal custodian of the child." (emphasis added). By its own terms, Section 1109(A) is limited to the questioning of a child. A "child" is defined as "any person under eighteen (18) years of age, *except for any person sixteen (16) or seventeen (17) years of age who is charged with murder....*" 10 O.S.Supp.1987, § 1101(1) (emphasis added). Title 10 O.S. Supp.1986, § 1104.2(A) provides as follows:

Any person sixteen (16) or seventeen (17) years of age who is charged with murder ... shall be considered as an adult. Upon the arrest and detention, such sixteen- or seventeen-year-old accused shall have all the statutory and constitutional rights and protections of an adult accused of a crime....

Appellant was charged with three counts of first degree murder pursuant to the reverse certification statute on August 24, 1987. Oklahoma laws "are to be liberally construed with a view to effect their objects and to promote justice." 25 O.S.1981, § 29. The goal of statutory construction is to follow the intent of the legislature. *Hess v. Excise Bd. of McCurtain County,* 698 P.2d 930, 932 (Okla.1985). The foregoing provisions of 10 O.S.Supp.1987, § 1101(1) and 10 O.S.Supp.1986, § 1104.2(A) reflect a clear legislative intent not to afford the special protections of 10 O.S.Supp.1986, § 1109(A) to juveniles falling within the purview of the Reverse Certification Statute, but instead to apply the standards applicable to the prosecution of adults. We find it unnecessary to address this assignment further, as appellant does not claim that the admission of her statements violated the constitutional rights afforded her as an adult. Finally, we note that our decision has no bearing on what the proper decision would be if defense counsel files a motion to suppress H.W.'s statements at trial as violative of H.W.'s constitutional rights as an adult accused, because that decision must be based on the evidence and authority presented at the hearing on the motion to suppress.

In her second assignment of error, appellant claims the State failed to serve a per-

son who was appellant's "guardian or next friend" within the meaning of 10 O.S.Supp. 1986, § 1104.2(B). In short, appellant urges that her uncle by marriage, Mr. Floyd Cress, was not her "next friend" within the meaning of Section 1104.2(B). We disagree. H.W. was charged by information on August 24, 1987, with three (3) counts of first degree murder arising from the deaths of her natural father, Clint Wingfield, her stepmother, Louise Wingfield and her half-sister, Crete Wingfield. At the September 4, 1988, motion hearing, defense counsel argued that the prosecutor had not complied with the requirements of Section 1104.2(B), because H.W.'s purported guardian, J.W. Brantley, had not been served. (M.Tr. 3–6) Defense counsel said he believed Mr. Brantley had been appointed H.W.'s guardian in McCurtain County upon the death of H.W.'s natural mother several years past, but he did not know if Brantley was guardian of the estate or person or both. (M.Tr. 7) In overruling defense counsel's objection, the trial court stated that the personal service on Floyd Cress, H.W.'s uncle by marriage and a resident of McAlester, Oklahoma, as H.W.'s "next friend" was sufficient to comply with Section 1104.2(B), but that "if there is in fact a guardian ... the Court would order that the State serve the guardian with the proper papers...." (M.Tr. 7–8) On September 9, 1987, a certified copy of the information and warrant was sent by certified mail to Mr. Brantley in Globe, Arizona, and served on September 17, 1987. (O.R. 40–41; 122) The record shows that Mr. Brantley was present at preliminary hearing, and in fact testified on behalf of appellant's motion to be certified as a child.

Oklahoma's so-called "Reverse Certification" Statute, 10 O.S.Supp.1986, § 1104.2(B) provides:

Upon the filing of an information against such accused person, a warrant shall be issued which shall set forth the rights of the accused person, and the rights of the parents, guardian or next friend of the accused person to be present at the preliminary hearing, to have an attorney present and to make application for certification of such accused person as a child to the juvenile division of the district court. *The warrant shall be personally served together with a certified copy of the information on the accused person and on the parents, guardian or next friend of the accused person.* (emphasis added)

■ Here, appellant's parents were deceased. Although there was testimony that Mr. Brantley had been "appointed" guardian of H.W. pursuant to H.W.'s mother's will, there was no evidence that Mr. Brantley had been judicially appointed as legal guardian of H.W. or that he qualified for such appointment. *See* 58 O.S.Supp. 1987, § 778. A testamentary appointment of a guardian does not become operative until the guardian has qualified. *Jackson v. Haney*, 166 Okl. 13, 25 P.2d 771, 774 (1933). Mr. Brantley himself testified that he had not been functioning as H.W.'s guardian, but that H.W. had lived with her father ever since her mother's death. Thus, in the absence of a parent or duly appointed legal guardian, the dispositive issue is whether Floyd Cress was a "next friend" within the meaning of Section 1104.2(B).

■ Section 1104.2(B) does not define "next friend." In the absence of a statutory definition, we must assume the Legislature intended for "next friend" to have the same meaning as that attributed to it in ordinary and usual parlance. *See Loffland Bros. Equip. v. White*, 689 P.2d 311, 314 (Okla.1984); *Glass v. State*, 701 P.2d 765, 768 (Okla.Crim.App.1985). The term "next friend" has "a definite and well-established meaning, as one who, without being regularly appointed guardian, acts for the benefit of an infant ... or other person not sui juris." 37 C.J.S. 1380–81 (1943) (footnotes omitted). *See Black's Law Dictionary* 941 (5th ed. 1979) (citations omitted). Next friend has also been defined as anyone who will undertake the infant's cause. 1 W. Blackstone, *Commentaries* *464. The record supports a finding that Mr. Cress was an appropriate person to fulfill the function of a "next friend" under Section 1104.2(B). H.W. testified that Mr. and

Mrs. Cress were interested in her, that she and Mrs. Cress were "very close," that they had visited her, that she saw "them every summer and sometimes I stay all summer and last Christmas I stayed with them all during the Christmas vacation." (M.Tr. 21) On the basis of the foregoing, we hold that the State complied with the requirements of Section 1104.2(B) by personally serving Mr. Cress with the appropriate documents as the "next friend" of appellant.

■ Appellant next asserts that the magistrate abused his discretion in denying appellant's motion to be certified as a child. We turn to a review of the record evidence in light of the four guidelines, listed in order of importance, set forth in 10 O.S. Supp.1986, § 1104.2(C)(1)–(4), and mandated for consideration by the magistrate. The evidence indicated that the alleged offense was committed in an aggressive, violent, premeditated or willful manner. Clint Wingfield died as a result of gunshot and stab wounds, and blunt injuries. Louise Wingfield died as a result of gunshot wounds, but she also suffered blunt head injuries. Crete Wingfield, an infant, died of multiple gunshot wounds. H.W.'s brother, T.W., testified that H.W. struck Louise Wingfield in the head with a baseball bat. Appellate counsel argues that T.W.'s testimony was not admissible at preliminary hearing in the absence of corroboration pursuant to 22 O.S.1981, § 742. We disagree. "[T]he State is not required to corroborate an accomplice's testimony at preliminary hearing by other, independent evidence, although such corroboration would be necessary at trial." *State ex rel. Peterson v. Ward*, 707 P.2d 1217, 1219 (Okla. Crim.App.1985) (citing *Bennett v. State*, 570 P.2d 345, 348 (Okla.Crim.App.1977) (footnote omitted).

■ The offenses were against persons and involved personal injury. With regard to the record and past history of appellant, there was no evidence that H.W. had previous contacts with law enforcement agencies and juvenile or criminal courts, or commitments to juvenile institutions. Appellant contends, however, that the trial court

erred in applying Section 1104.2(C)(3) by refusing to admit a letter written by Donna Cress, appellant's maternal aunt, and an affidavit by J.W. Brantley, appellant's maternal uncle. Appellant claims the documents should have been admitted as evidence of the social and emotional history of H.W. pursuant to Section 1104.2(C)(3). A cursory review of the two documents reveal that both contain a substantial amount of irrelevant evidence. "Evidence which is not relevant is not admissible." 12 O.S. 1981, § 2402. The trial court sustained the State's objection to the admission of the document on grounds of irrelevancy and hearsay. The final decision on the admissibility of evidence is left to the sound discretion of the trial court, and absent a clear showing of abuse and resulting prejudice, this Court will not disturb the trial court's ruling. *Klinekole v. State*, 705 P.2d 179, 184 (Okla.Crim.App.1985). Appellant has failed to establish an abuse of discretion and resulting prejudice. The magistrate expressly found that because of H.W.'s history of drug and alcohol abuse, psychological problems, need for inpatient treatment, and her age, the prospects for protection of the public if H.W. was processed through the juvenile system were inadequate. We cannot say the magistrate abused his discretion in applying the four factors set forth in 10 O.S.Supp.1986, § 1104.2(C). *See G.E.D. v. State*, 751 P.2d 755, 757 (Okla.Crim.App.1988). This assignment is without merit.

■ In her final assignment, appellant claims that the reverse certification statute is unconstitutional because it shifts the burden of proof to the appellant. Appellant concedes that this Court previously rejected an identical claim in *G.E.D. v. State*, 751 P.2d 755, 757 (Okla.Crim.App. 1988), but requests reconsideration. Prior attacks against the constitutionality of the reverse certification statute have been consistently rejected. *See S.A.H. v. State*, 753 P.2d 381, 383 (Okla.Crim.App.1988); *Trolinger v. State*, 736 P.2d 168, 170–71 (Okla. Crim.App.1987); *K.C.W. v. State*, 736 P.2d 525, 526 (Okla.Crim.App.1987); *S.R.S. v. State*, 728 P.2d 515, 518 (Okla.Crim.App.

1986); *Rogers v. State*, 721 P.2d 805, 807 (Okla.Crim.App.1986); *Ring v. State*, 654 P.2d 1085, 1086 (Okla.Crim.App.1982), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983); *Jones v. State*, 654 P.2d 1080, 1081–82 (Okla.Crim.App.1982); *State ex rel. Coats v. Rakestraw*, 610 P.2d 256, 258–61 (Okla.Crim.App.1980). This assignment is without merit.

For the foregoing reasons, the order appealed from is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.