**Joseph Sean YOUNG, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–86–508.**

Court of Criminal Appeals of Oklahoma.

March 1, 1991.

Pete Gelvin, Asst. Public Defender, Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Joseph Sean Young, appellant, was tried by jury for the crimes of Robbery with Firearms and Assault and Battery with a Dangerous Weapon in the District Court of Oklahoma County, Case No. CRF–85–4291. The jury returned a verdict of guilty on each count and set punishment at forty-five (45) years and ten (10) years imprisonment, respectively. The trial court sentenced appellant in accordance with the jury's verdict, ordering his sentences be served consecutively. From these Judgments and Sentences, appellant has perfected this appeal.

Because we find that this cause mandates reversal, a complete recitation of the facts is not necessary. Relevant facts will be set forth as required.

■ In his first assignment of error, appellant asserts that inculpatory statements made by him to a police official were erroneously admitted at trial. The record reveals that appellant was questioned on three separate occasions after commission of the crimes by an Oklahoma City Police detective at the Oklahoma County jail, where appellant was being held in connection with an unrelated offense. Appellant was seventeen years old at that time, as was he on the day of the crimes. During the second and third interviews, appellant gave detailed accounts of his involvement in the robbery and assault for which he was convicted. It was not until after these confessions were obtained that appellant was charged with the present crimes.[1] We also note that appellant's confessions were the only evidence introduced at trial which linked him to the case at bar. Because appellant had not been charged with the present crimes at the time he gave his statements, and because the questioning was not conducted in accordance with 10 O.S.Supp.1982, § 1109(A), he contends that it was error to admit his confessions at trial. We agree.

Title 10 O.S.Supp.1982, § 1109(A), provides:

No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer ... is done in the presence of the parents, guardian, attorney, or legal custodian of the child.

By its own terms, Section 1109(A) is limited to the questioning of a child. A "child" is defined as "any person under eighteen (18) years of age, except for any person sixteen (16) or seventeen (17) years of age who is *charged* with ... robbery

---

**1.** Although the detective claimed to have "placed a charge" on appellant at the conclusion of the second interview (Tr. 140), the record reveals that both the Information and Warrant were executed after the third interview. (O.R. 1–5)

with a dangerous weapon [or] use of a firearm or other offensive weapon while committing a felony...." 10 O.S.Supp. 1984, § 1101(1) (emphasis added). Furthermore, 10 O.S.1981, § 1104.2(A), provides:

> Any person sixteen (16) or seventeen (17) years of age who is *charged* with ... robbery with a dangerous weapon [or] use of firearm or other offensive weapon while committing a felony ... shall be considered as an adult. *Upon the arrest and detention,* such sixteen- or seventeen-year-old accused shall have all the statutory and constitutional rights and protections of an adult accused of a crime....

(emphasis added).

In *Highsaw v. State,* 758 P.2d 336 (Okl. Cr.1988), this Court held that a juvenile's custodial statements, made in the absence of his parents, were properly admitted because he had been "arrested and booked" for reverse certification offenses prior to questioning. *Id.* at 340. In *H.W. v. State,* 759 P.2d 214 (Okl.Cr.1988), we held that a juvenile's statements given under similar circumstances were properly admitted because she had previously been "charged" with reverse certification offenses. *Id.* at 216. In the present case, we are presented with a juvenile who was neither "arrested and booked" for, nor "charged" with, the offenses at issue prior to questioning. Rather, appellant was incarcerated on an unrelated, nonenumerated[2] robbery charge at the time he gave his confessions. Even had the unrelated charge been an enumerated offense, we would not find the existence of such fact relevant to the disposition of this case. We conclude that the special protections afforded children under Section 1109(A) are not abrogated by the arrest or detention of a juvenile for, nor the charging of a juvenile with, an unrelated crime.

Thus, the question presented to this Court is whether a juvenile must be "arrested and booked" for, or "charged" by information with, the enumerated offense which is the subject matter of the prosecution *prior* to questioning not in compliance with Section 1109(A). In *A.M.H. v. State,* 766 P.2d 351 (Okl.Cr.1988), an O.S.B.I. agent "visited" with the juvenile appellant several minutes before being told that the appellant wished to give a confession. Appellant's mother was then brought into the room, both parties were advised of their *Miranda* rights, and appellant confessed to First Degree Murder. In analyzing the period of time during which the agent "visited" with appellant, this Court stated that "[t]he reverse certification mechanism had not yet commenced to operate, because no charge had yet been filed against appellant. At that particular moment, appellant was a sixteen-year-old juvenile." *Id.* at 353 (footnote omitted). As this author stated in a specially concurring opinion, "This language indicates that a juvenile will be considered a 'child' entitled to the special protections of Section 1109(A), unless questioning by authorities occurs *after* the juvenile has been charged with a reverse certification offense, in which case the juvenile will be treated as an adult." *Id.* at 355 (Parks, J., specially concurring) (emphasis in original).

Although we do not herein resolve the question of whether a juvenile must be "arrested and booked" for, *or* "charged" with, an enumerated offense before he is afforded the special protections of Section 1109(A)[3], we hold that the *A.M.H.* ruling is applicable to the instant case. Appellant herein was neither charged with, nor arrested and booked for, the crimes for which he was convicted at the time he was questioned about those crimes. On those particular occasions, therefore, he was a seventeen-year-old juvenile and questioning should have been conducted pursuant to Section 1109(A). Accordingly, we hold that appellant's confessions were erroneously admitted.

---

**2.** "[R]obbery by force and fear," the unrelated crime with which appellant had been charged (P.H.Tr. 196–97), is not one of the offenses enumerated in the reverse certification statute. *See* 10 O.S.Supp.1984, § 1101(1); 10 O.S.1981, § 1104.2.

**3.** *See Harris v. State,* 777 P.2d 1359, 1363 (Okl. Cr.1989), for further discussion of these two standards.

 Having concluded that appellant's confessions were erroneously admitted, we must now determine whether such error prejudiced appellant's right to a fair trial. *See* 20 O.S.1981, § 3001.1. As previously noted, appellant's confessions were the only evidence introduced which linked him to the present case. We must, therefore, REVERSE and REMAND this cause to the district court and instruct it to DISMISS the same.

LANE, P.J., and BRETT, J., concur.

LUMPKIN, V.P.J., and JOHNSON, J., concur in result.

LUMPKIN, Vice Presiding Judge, concuring in results:

While I must concur in the results reached by the Court in this case based on stare decisis, I cannot join in the Court's statement "that the special protections afforded children under Section 1109(A) are not abrogated by the arrest or detention of a juvenile for, nor the charging of a juvenile with, an unrelated crime".

The provisions of 10 O.S.1981, § 1104.2(A), provide that "[a]ny person sixteen (16) or seventeen (17) years of age who is charged with [one of the enumerated offenses], *shall be considered as an adult*". (emphasis added.) The statutes do not create a distinction regarding the treatment of these particular offenders as it relates to the taking of statements after they are "charged". In other words, once a juvenile is charged with an enumerated offense, then law enforcement officers can question the juvenile regarding both enumerated and nonenumerated offenses, if the constitutional rights and protections of an adult are afforded to the juvenile.

The record in this case reveals the Appellant had been previously charged and detained for the offense of robbery by force and fear, an offense not listed in Section 1104.2(A), and was awaiting transportation to the juvenile detention center. Therefore, the charging and detention of the Appellant on that offense cannot be used as the basis for the admission of the statement in this case. The record also reveals the officer talked to the Appellant on August 12, 16 and 20. It appears that the officer did not advise the jailer to add the charges giving rise to these convictions until after the Appellant admitted his participation in the crimes. The facts reveal the officer knew of the status of the juvenile and failed to follow the procedures mandated by 10 O.S.Supp.1982, § 1109, thus rendering the confession inadmissible against the Appellant.